# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

TEODORO MERAZ,                                    Case No. 06-Cr-335
ANDREW R. OBLAK,
ANA HURTADO,
ANTONIO CRUZ,
JOSE MERAZ,
PEDRO ROMO,
FIDEL MORENO and
RICHARD WELSH,

        Defendants.

---

## MAGISTRATE JUDGE'S RECOMMENDATION TO THE
## HONORABLE LYNN ADELMAN AND ORDER
## REGARDING DEFENDANT ANA HURTADO

---

## NATURE OF CASE

On December 14, 2006, a federal grand jury sitting in this district returned a three-count indictment against defendants Teodoro Meraz, Andrew R. Oblak, Ana Hurtado, Antonio Cruz, Jose Meraz, Pedro Romo, Alejandro Romo, a/k/a "El Caballo," Fidel Moreno and Richard Welsh. The defendants are all charged in Count One with conspiracy to distribute five kilograms or more of a mixture containing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, § 841(b)(1)(A)(ii) and 18 U.S.C. § 2. Three of the defendants are named in the substance drug counts charged in Counts Two and Three. The indictment also contains a forfeiture provision.

Defendant Ana Hurtado (defendant) appeared before United States Magistrate Judge Aaron E. Goodstein for arraignment on December 15, 2006, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, she filed the following motions: motion for disclosure Fed. R. Evid. 404(b) evidence (Docket #72); motion to compel discovery (Docket #76); motion to suppress evidence (Docket #77); motion to suppress Title III intercepted statements (Docket #78); and motion dismiss Count I of the indictment.  (Docket #79).  These motions will be addressed herein.

## MOTION TO DISCLOSE RULE 404b EVIDENCE

Defendant Hurtado seeks disclosure of other crimes, wrongs or acts evidence pursuant to Fed. R. Evid. 404(b).  The government did not file a response to this motion.

Rule 404(b) requires the government to give notice of its intention to use other crimes, wrongs, or acts evidence. "Other acts" evidence is admissible if: "1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; 2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; 3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; 4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." United States v. O'Brien, 119 F.3d 523, 529 (7th Cir. 1997); United States v. Yusufu, 63 F.3d 505, 511 (7th Cir. 1995); see also, United States v. Smith, 103 F.3d 600, 603 (7th Cir. 1996).

Notice of intention to use such evidence must be provided regardless of whether the government intends to use the evidence during its case-in-chief at trial, for impeachment or for possible rebuttal.  See Advisory Committee Notes, 1991 Amendments to Rule 404(b).  The rule makes no provision for the timing of the notice.  Rather, the rule provides that the

- 2 -

government "shall provide reasonable notice in advance of trial." Fed. R. Evid. 404(b). What constitutes reasonable notice will depend largely on the circumstances of each case. <u>See</u> Advisory Committee Notes, 1991 Amendments to Rule 404(b). The defendant's motion seeking disclosure of Rule 404(b) evidence will be granted. The government will be required to provide notice of the general nature of any other crimes evidence it intends to introduce at trial three weeks prior to trial.

## MOTION TO COMPEL DISCOVERY

The defendant seeks an order compelling the government to disclose 1) interim Title III reports, 2) statements of cooperating individuals who have implicated her criminal activity, and 3) minimization logs.[1] The government declines to disclose the 10 day progress reports to the district court that issued the Title III intercept orders and, according to the defendant, has indicated its willingness to provide the minimization logs. The government does not address the defendant's motion seeking disclosure of statements of cooperating individuals.

### Interim Title III Reports (10 day progress reports)

The defendant seeks an order requiring disclosure of the interim Title III reports, contending that such reports are essential for her determination as to whether the government has complied with Title III application and implementation requirements. In opposing the motion, the government states that there is no right to discovery of the 10 day progress reports. Rather, the government states that the purpose of the reports prepared pursuant to

---

[1] The defendant also seeks Rule 404(b) materials. The court has addressed this request in its decision on the defendant's separate motion seeking such evidence.

- 3 -

18 U.S.C. §2518(6)[2] is "so that possible abuses might be quickly detected and halted" by the court, quoting United States v. Chimera, 201 F.R.D. 72, 76-78 (W.D. N.Y. 2001) (citing United States v. Kahn, 415 U.S. 143, 154-55 [1974]). (Government's Consolidated Response to Defendants' Motions at 15).

Section 2518(6) of Title 18, United States Code, provides:

> Whenever an order authorizing interception is entered pursuant to this chapter [18 USCS §§ 2510 et seq.], the order may require reports to be made to the judge who issued the order showing what progress has been made toward achievement of the authorized objective and the need for continued interception. Such reports shall be made at such intervals as the judge may require.

An authorizing judge has broad discretion and may dispense with such progress reports entirely. See United States v. Brodson, 390 F.Supp. 774, 777 (E.D. Wis. 1975). In United States v. Chimera, 201 F.R.D. 72, 76-78 (W.D. N.Y. 2001), the court noted that the purpose of progress reports pursuant to § 2518(6) is "so that any possible abuses might be quickly detected and halted" by the court, thereby furthering Congress' objective in enacting Title III of limiting the extent of court authorized intrusions on the privacy of oral communications, citing United States v. Kahn, 415 U.S. 143, 154-55 (1974).

In Chimera, the court rejected a contention similar to that advanced by the defendant in the instant case. The court held that the information contained in such reports would not "materially aid" the defendants' quest to discover potential defects in the initial applications for the Title III orders or in the execution or extensions of such orders. Id. at 77.

---

[2] The government again mistakenly references §2517(6) for this proposition. See Court's Order of April 13, 2005, in United States v. Arnett, Case No. 04-CR- 285, at 11.

- 4 -

The court concurs with the analysis set forth in <u>Chimera</u> and further notes that courts have generally rejected similar requests for progress reports. <u>See</u> <u>United States v. Wright</u>, 121 F.Supp.2d 1344, 1349-50 (D. Kan. 2000); <u>United States v. Birdman</u>, 1992 WL 203318 (E.D. Pa. Aug. 14, 1992); <u>United States v. Orozco</u>, 108 F.R.D. 313, 315-16 (S.D. Cal. 1985); <u>United States v. Marchman</u>, 399 F. Supp. 585, 586 (E.D. Tenn. 1975); <u>Brodson</u>, 390 F.Supp. at 777-78 ("The progress reports represent but summaries of the monitored conversations which are available in full for firsthand examination by the defendants.").

In this case, the defendant has the wiretap orders and access to the tapes of the monitored conversations. The government also states that it has disclosed the monitors' logs to the defendant. In light of the foregoing, this court concludes that defendant Hurtado has not established a basis for disclosure of the ten-day progress reports. <u>See</u> <u>Brodson</u>, 390 F. Supp at 777-78.

### Statements of Cooperating Individuals

In seeking disclosure of statements of cooperating individuals, the defendant asserts that the government has advised that there is one individual who has given an inculpatory statement with respect to the defendant's involvement in this indictment, but that the government has not determined whether that person will be called as a witness at trial. However, the defendant states that disclosure of the requested information is necessary for her to properly prepare for trial and present an adequate defense.

It is well settled that "[t]here is no general constitutional right to discovery in a criminal case, and <u>Brady</u>, which addressed only exculpatory evidence, did not create one." <u>Gray v. Netherland</u>, 518 U.S. 152, 168 (1996) (quoting <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 [1977]). However, in <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963), the Supreme Court held that

- 5 -

"the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment."  Thus, the government must disclose exculpatory evidence to a defendant.  In <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the Court held that the government's obligation under <u>Brady</u> includes the disclosure of evidence affecting the credibility of a government witness.  <u>See</u> <u>also</u>, <u>United States v. Bagley</u>, 473 U.S. 667 (1985).  <u>Brady</u> does not grant criminal defendants unfettered access to government files.  <u>United States v. Phillips</u>, 854 F.2d 273, 277 (7th Cir. 1988).

Nonetheless, certain federal procedural rules and the Jencks Act, 18 U.S.C. § 3500, require the government to disclose certain information to a defendant.  Rule 16 of the Federal Rules of Criminal Procedure requires the disclosure of certain information upon the defendant's request, including the defendant's oral, written, or recorded statement, certain documents, expert witness testimony and reports of examinations and tests.  Rule 26.2(a) of the Federal Rules of Criminal Procedure requires the production, upon motion of a party, of any statement of a witness, except the defendant, in the possession of the party calling that witness after the witness testifies at trial.  The statement must relate to the subject of the witness' testimony to require production.  The Jencks Act "requires the government, upon the defendant's motion, to produce statements made by any of its witnesses which the particular witnesses signed, adopted, or approved, and which pertain to their testimony at trial."  <u>United States v. Johnson</u>, No. 99 -1414  (citations omitted).  The evidentiary rules and the Jencks Act pertain to disclosure of statements of witnesses who testify at trial.

In this case, the government is following its "open file" policy and has provided discovery to the defendant. Under the "open file" policy, the government provides witness' statements to the defendant prior to trial.  The defendant acknowledges that the prosecutor

- 6 -

advised that the cooperating individual has given an <u>inculpatory</u> statement about the defendant and that the government has not definitively determined whether the cooperating individual will be called as a witness at trial. Thus, it appears that the cooperating individual's statement will be provided to the defendant if the government decides to call that individual to testify at trial.

Although the defendant wants this individual's statement even if the person is not a trial witness, the defendant has provided no authority to support her position. Neither the federal criminal procedural rules nor the Jencks Act lend support to the defendant. "A criminal defendant is not entitled 'to embark upon an unwarranted fishing expedition through government files.'" <u>United States v. Brown</u>, 289 F.3d 989, 994 (7th Cir. 2002) (quoting <u>United States v. Phillips</u>, 854 F.2d 273, 278 [7th Cir. 1988]). The defendant's conclusory assertion that the cooperating individual's statement is necessary for her to adequately prepare for trial is insufficient to require disclosure of this person's statement if the person is not called to testify. Therefore, the defendant's motion to compel discovery of the cooperating individual's statement will be denied.

**Minimization Logs**

The defendant moved for production of the minimization logs because she had not received the logs at the time the motion was filed, although the government indicated its willingness to provide the logs. As noted, the government did not address production of the minimization logs in its response to the defendant's motion. The defendant has not advised that the government did not provide the minimization logs as it indicated it would do shortly after the defendant filed her motion. Under the circumstances, the court concludes that the

- 7 -

defendant received the requested minimization logs and, therefore, the defendant's request for the minimization logs will be denied as moot.

In sum, for the reasons stated herein, the defendant has not established a basis for disclosure of the information she seeks. Therefore, the defendant's motion to compel discovery be and hereby is denied. (Docket # 76).

## MOTION TO SUPPRESS EVIDENCE

Defendant Hurtado moves the court for an order prohibiting the government from introducing any evidence at trial which was seized pursuant to the search warrant of her residence on the grounds that there was insufficient probable cause for the issuance of the warrant. In response, the government maintains that the affidavit of Special Agent Thomas Gorecki in support of the search warrant for 1909 West Arthur Avenue, Milwaukee, Wisconsin, clearly sets forth probable cause for issuance of the warrant.

## Analysis

In determining whether probable cause exists to support a search warrant, the judge must consider the totality of the circumstances. United States v. Brack, 188 F.3d 748, 755 (7th Cir. 1999) (citing Illinois v. Gates, 462 U.S. 213, 238 [1983]). "The task of the issuing magistrate is simply to make a practical common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Newsom, 402 F.3d 780, 782 (7th Cir. 2005), cert. denied, __ U.S. __, 126 S. Ct. 1455 (2006) (quoting Illinois v. Gates, 462 U.S. 213, 238 [1983]). "Probable cause is established when, based on the totality

- 8 -

of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." United States v. Peck, 317 F.3d 754, 756 (7th Cir. 2003); see also, United States v. Mykytiuk, 402 F.3d 773, 776 (7th Cir. 2005). "Probable cause denotes more than mere suspicion, but does not require certainty." United States. v. McNeese, 901 F.2d 585, 592 (7th Cir. 1990) (quoting United States v. Ellery, 678 F.2d 674, 677 [7th Cir. 1982]).

"Probable cause does not require direct evidence linking a crime to a particular place. Instead, issuing judges are entitled to draw reasonable inferences about where evidence is likely to be found given the nature of the evidence and the type of offense." United States v. Anderson, 450 F.3d 294, 303 (7th Cir. 2006) (internal quotation marks and citations omitted).

Thus, an "affidavit need not contain personal observations that such evidence was kept at the residences." McNeese, 901 F.2d at 596. A judge making a probable cause determination "need not determine that the evidence sought is in fact on the premises to be searched . . . or that the evidence is more likely than not to be found where the search takes place . . .. He need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." United States v. Malin, 908 F.2d 163, 166 (7th Cir. 1990) (emphasis in original) (quoting United States v. Peacock, 761 F.2d 1313, 1315 [9th Cir. 1985]); see also, United States v. Sleet, 54 F.3d 303, 306 (7th Cir. 1995).

In this case, the warrant authorized law enforcement officers to search for narcotics, packaging materials, paraphernalia, drug trafficking proceeds and contraband relating to drug trafficking and distribution, books, records, drug and money ledgers, customer lists, photographs, other documents and indicia of ownership and other items. The affidavit established that such records, documents, contraband, drug proceeds and other items are

- 9 -

likely to be maintained by large-scale drug traffickers in secure places like a residence, business or other location over which they maintain dominion and control.

The affidavit sets forth the background, training and experience of Special Agent Gorecki, including his extensive experience in investigating large scale narcotics trafficking during his 36 years as a law enforcement officer. Based on this training and experience, he is familiar with the coded language utilized over the telephone to discuss drug trafficking and knows the various code names used to describe controlled substances.

The affidavit contains information about the investigation into the cocaine trafficking activities of an organization in the Waukesha, Wisconsin area beginning in August 2005 and the subsequent court orders in 2006 authorizing wiretaps and interception of telephone conversations on designated telephones. The affidavit provides details about the on-going drug trafficking of the organization, including numerous controlled buys made by a confidential informant. The affidavit also recounts numerous monitored telephone conversations and Special Agent Gorecki's determination about the nature of these cryptic conversations.

Specifically with respect to defendant Hurtado, the affidavit states that court authorized monitoring of defendant Meraz' cellular telephone showed that 28 drug-related conversations were intercepted between the defendant and defendant Meraz. The affidavit recounts three of these 28 conversations – conversations on October 6 and October 10, 2006 and November 23, 2006. Special Agent Gorecki avers that, based on his review and analysis of the conversations, the defendant utilized another person to meet with and obtain cocaine from defendant Meraz and that she received kilograms of cocaine from defendant Meraz.

The lengthy affidavit in support of the warrant details extensive, on-going narcotics

- 10 -

trafficking and includes specific information about the defendant's involvement with defendant Meraz, apparently a key player in the drug trafficking. A judge issuing a search warrant is entitled to draw reasonable inferences from the information presented in an affidavit. Direct evidence linking criminal objects to a particular site is not required. Sleet, 54 F.3d at 306. Rather, the task of the magistrate judge is to make a practical, common sense decision on probable cause based on "all the circumstances set forth in the affidavit before him." Illinois v. Gates, 462 U.S. at 238. In this case, the issuing magistrate judge concluded that the affidavit in support of the warrant to search the defendant's residence was supported by probable cause.

The defendant also correctly observes that probable cause to search cannot be based upon stale information which no longer suggests that the items sought will be found in the place to be searched. In determining whether probable cause exists, the age of the information in the supporting affidavit is one factor the judge should consider; it is, however, only one factor. See United States v. Lamon, 930 F.2d 1183, 1187-88 (7th Cir. 1991); United States v. Batchelder, 824 F.2d 563, 564 (7th Cir. 1987). Where the facts in the affidavit indicate "an ongoing, continuous criminal activity, the passage of time becomes less critical." Lamon, 930 F.2d at 1181 (citation omitted); see also, McNeese, 901 F.2d at 596. Moreover, the court of appeals for this circuit has limited the role that staleness plays in the probable cause calculus. United States v. Chapman, 954 F.2d 1352, 1373 (7th Cir. 1992) (citing United States v. Certain Real Property, 943 F.2d 721, 724 [7th Cir. 1991]).

Here, the affidavit in support of the search warrant recounts three of the 28 telephone calls between the defendant and defendant Meraz. The affidavit also sets forth details of on-

- 11 -

going criminal activity. Thus, the passage of time is less critical. Lamon, 930 F.2d at 1181. Accordingly, the court concludes that the information was not stale.

"The probable cause inquiry is practical, not technical" and the court is to consider the totality of the circumstances. Anderson. 450 F.3d at 303. Considering the totality of the information in the affidavit, the court concludes that the affidavit in support of the search warrant contained sufficient probable cause to support the search of the defendant's residence.

Even if the court was to conclude that the affidavit failed to establish probable cause that evidence of a crime would be found at the defendant's residence, suppression of the evidence is not warranted. In United States v. Leon, 468 U.S. 897, 926 (1984), the Supreme Court held that an officer's good faith reliance on a court's determination of probable cause should not lead to the exclusion of probative evidence simply because a reviewing court later determined that probable cause was lacking. Thus, a facially valid warrant issued by a neutral, detached magistrate will be upheld if the police relied on the warrant in good faith. Id. The decision to seek a search warrant is prima facie evidence that an officer was acting in good faith. United States v. Wiley, 475 F.3d 908, 917 (7th Cir. 2007) (citing United States v. Koerth, 312 F.3d 862, 866 [7th Cir. 2002]) cert. denied, __ U.S. __, 127 S. Ct. 2966 (2007); Peck, 317 F.3d at 757. "The defendant must defeat this presumption with evidence that the issuing magistrate judge wholly abandoned his judicial role or that the officer's affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Wiley, 475 F.3d at 917.

In this case, the defendant does not argue that the judge abandoned his role as a neutral and detached magistrate judge when he issued the warrant. Rather, she contends that

- 12 -

Agent Gorecki should have known that there was no probable cause to support the issuance of the warrant. The court disagrees. To show that an affidavit was so lacking in indicia of probable cause that official belief in its existence was unreasonable, a defendant must show "that a reasonable officer would have known that the warrant did not support probable cause." United States v. Fairchild, 940 F.2d 261, 264 (7th Cir. 1991). The defendant has not met this "difficult standard." Id. Special Agent Gorecki's good faith reliance on the warrant was not unreasonable. Therefore, this court will recommend that the district judge enter an order denying the defendant's motion to suppress evidence.

### MOTION TO SUPPRESS TITLE III
### INTERCEPTED STATEMENTS OF ANA HURTADO

Defendant Hurtado has filed a motion to suppress the Title III intercepted statements. She asserts that the recorded statements involving her should be suppressed because the affidavits for a Title III intercept subscribed by Agent Thomas Gorecki for the phone numbers (414) 419-3920 and (414) 419-2979 lacked sufficient probable cause. Specifically, the defendant maintains that the intercept applications for the phone numbers were primarily based on conclusory statements of Agent Gorecki and, absent the conclusory statements, the affidavits are legally insufficient. The defendant also makes a corollary argument, namely that "the order of authorization or approval under which the recordings were obtained is insufficient on its face when the affidavit in support fails to establish probable cause." (Brief in Support of Motion to Suppress Title III Intercepted Statements of Ana Hurtado at 6).

Title III of the Omnibus Crime Control and Safe Streets Acts of 1968 (Act), 18 U.S.C. §§ 2510 et seq., governs the interception of wire, electronic and oral communications by the government as well as private parties. Title III prohibits the interception of wire and electronic

- 13 -

communications unless specifically authorized.  18 U.S.C. § 2511.  Section 2518 of Title 18 of the United States Code sets out the procedure for the interception of wire, oral or electronic communications.  Section 2518(3) provides that before a judge can authorize interception, he or she must determine:

> [O]n the basis of the facts submitted by the applicant that –
>
>> (a) there is probable cause for belief that an individual is committing, has committed, or is about to commit a particular offense enumerated in section 2516 of this chapter [18 USCS § 2516];
>>
>> (b) there is probable cause for belief that particular communications concerning that offense will be obtained through such interception;
>>
>> (c) normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous;
>>
>> (d) except as provided in subsection (11), there is probable cause for belief that the facilities from which, or the place where, the wire, oral, or electronic communications are to be intercepted are being used, or are about to be used, in connection with the commission of such offense, or are leased to, listed in the name of, or commonly used by such person.

18 U.S.C § 2518(3).

The test for determining probable cause under Title III is the same as that for a conventional search warrant.  United States v. Wagner, 989 F.2d 69, 71 (2nd Cir. 1993); United States v. Leisure, 844 F.2d 1347, 1354 (8th Cir. 1988); United States v. Plescia, 773 F.Supp. 1068, 1074 (N.D. Ill. 1991), aff'd. 48 F.3d 1452 (7th Cir. 1995).  The issuing judge must look at the "totality of the circumstances" to determine whether probable cause exists.  Illinois v. Gates, 462 U.S. 213 (1983); United States v. Hornick, 815 F.2d 1156, 1158 (7th Cir. 1987).  Under this test, the judge must make "a practical, common sense decision whether,

- 14 -

given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in the particular place." Gates, 462 U.S. at 238; see also, Wagner, 989 F.2d at 72; United States v. Zambrana, 841 F.2d 1320, 1332 (7th Cir. 1988); Plescia, 773 F.Supp. at 1074.

A finding of probable cause "should be paid great deference by reviewing courts." Gates, 462 U.S. at 236; United States v. Mancari, 663 F. Supp. 1343, 1354 (N.D. Ill. 1987); United States v. Dorfman, 542 F. Supp. 345, 361 (N.D. Ill. 1982). The reviewing court only needs to determine that the issuing court had a "substantial basis" for concluding that there was probable cause for the interception. Gates, 462 U.S. at 238-39; Mancari, 663 F. Supp. at 1354.

The defendant contends that the intercept applications for telephone number (414) 419-3920 and for telephone number (414) 419-2979 were based primarily on Agent Gorecki's "conclusory statements" and without the statements there was insufficient probable cause for the interceptions. The defendant states that Agent Gorecki relates quotations from monitored telephone conversations and "offers his interpretation of the meaning of the conversations based upon 'his training, experience, and familiarity with the investigation.'" (Brief in Support of Motion to Suppress Title III Intercepted Statements of Ana Hurtado at 5). The defendant maintains that although Agent Gorecki concluded that the conversations involved drug transactions, "Gorecki's interpretations of such conversations ignore the very real possibility that the conversations are innocuous and unrelated to illegal activity." Id.

In response, the government asserts that Agent Gorecki's affidavits provide ample evidence to support United States District Court Judge Lynn Adelman's probable cause finding. The government asserts that, considered in their totality, the affidavits contain details

- 15 -

sufficient for a finding of probable cause to support the issuance of orders authorizing the intercepts.

The court has carefully reviewed the affidavits of Special Agent Gorecki in this case. The affidavits set forth numerous conversation between defendant Teodoro Meraz and others and include, among other information, surveillance observations, analysis of cell tower information and the number and duration of certain telephone calls to the target phones. See, e.g., Motion to Suppress Title III Intercepted Statements of Ana Hurtado, Exh. 1, ¶ 42. Special Agent Gorecki relies on his training and experience to conclude that the stated telephone calls were drug related. Although the conversations are often cryptic, a law enforcement officer "may draw inferences based on his own experience in deciding whether probable cause exists." Ornelas v. United States, 517 U.S. 690, 699 (1996).

Based on the court's review, the affidavits, taken as a whole, establish that defendant Meraz is discussing drug dealing in the conversations set forth in the affidavits. Agent Gorecki interpreted the conversations based on his training, experience and familiarity with the investigation. Moreover, contrary to the defendant's assertion, the possibility of an innocent explanation for activity described in the wiretap application does not negate the existence of probable cause to support the wiretap application. Thus, the court concludes that the issuing judge had a "substantial basis" for concluding that there was probable cause for the interceptions. See Gates, 462 U.S. at 238-39.

The defendant also asserts that the order of authorization for the intercepted conversations is insufficient on its face because the affidavit in support of the order fails to establish probable cause. Given this court's conclusion that the affidavits at issue establish probable cause, the defendant's contentions with respect to the order of authorization is

- 16 -

without merit.  Accordingly, this court will recommend that defendant Hurtado's motion to suppress the Title III intercepted statements be denied.

## MOTION TO DISMISS COUNT ONE OF THE INDICTMENT

Defendant Hurtado also filed a motion to dismiss Count I of the indictment.  The defendant brings the motion pursuant to Fed. R. Crim. P. 12(b)(3), asserting that the government lacks any evidence to support a finding that she conspired with her co-defendants to distribute controlled substances.  The defendant maintains that the government's evidence establishes only a buyer-seller relationship between her and defendant Meraz.

Rule 12(b)(3) of the Federal Rules of Criminal Procedure lists the motions that must be raised prior to trial.  These include motions alleging a defect in the prosecution or the indictment.  Although not delineated by the defendant, it appears that the defendant's motion is based on an alleged defect in the indictment.  See Fed. R. Crim. P. 12(b)(3)(B).

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires an indictment be a plain, concise, and definite written statement of the essential facts constituting the offense charged.  In United States v. Glecier, 923 F.2d 496, 499 (7th Cir. 1991), the court summarized the standard for reviewing objections to the sufficiency of the indictment.  There, the court noted that, "in reviewing the sufficiency of an indictment, a court should consider the challenged count as a whole and should refrain from reading it in a hypertechnical manner." Glecier, 923 F.2d at 499 (quoting United States v. Gironda, 758 F.2d 1201, 1209 [7th Cir. 1985]).  The court explained:

> The fifth amendment, with exceptions not relevant here, limits the power of the federal government to hold someone to answer for a felony "unless on a presentment or indictment of a Grand Jury."  U.S. CONST. amend V.  The sixth amendment then grants to all persons accused by the federal government of a crime several basic rights, including the right "to be informed of the nature and

- 17 -

Case 2:06-cr-00335-LA   Filed 08/03/07   Page 17 of 21   Document 114

cause of the accusation." U.S. CONST. amend VI. The courts have long held that these broad principles break down into three requirements (sometimes grouped as two requirements, see, e.g., Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974)) for the sufficiency of an indictment: "The defendant is entitled to an indictment that [1] states all of the elements of the offense charged, [2] informs him of the nature of the charge so that a defense can be prepared, and [3] enables the defendant to evaluate any possible double jeopardy problems presented by the charge.

Glecier, 923 F.2d at 499 (citations omitted); see also, United States v. Palumbo Bros., Inc., 145 F.3d 850, 860 (7th Cir. 1998). An indictment which meets the requirements of the Fifth and Sixth Amendments also satisfies the specificity requirement of Fed. R. Crim. P. 7(c)(1). As long as the words of the statute involved clearly set forth all of an offense's constituent elements, it is generally sufficient that an indictment be stated in the words of the statute itself. Hamling v. United States, 418 U.S. 87, 117-18 (1974); United States v. Raineri, 521 F.Supp. 16, 22 (W.D. Wis. 1980). Ordinarily the sufficiency of an indictment should be decided solely by the charges made in the indictment without regard to the strength or weakness of the government's case. United States v. Risk, 843 F.2d 1059 (7th Cir. 1988).

In this case, the defendant does not argue that the indictment fails to identify the essential elements of conspiracy. Rather, the defendant challenges the ability of the government to prove its case. The defendant contends that the evidence in the discovery materials establishes at best a buyer-seller relationship between her and defendant Meraz, not a conspiracy.

By her motion, the defendant essentially is arguing that a trial is unnecessary because the discovery materials contain insufficient facts to establish that she was involved in a conspiracy to distribute cocaine. Thus, the defendant is asking this court to evaluate the evidence and determine that it is insufficient to establish her participation in a drug conspiracy.

- 18 -

Such determination of the facts underlying the charged conspiracy count is appropriately a matter for the jury, not the court. The jury necessarily will need to determine whether or not the facts support the defendant's involvement in a conspiracy to distribute cocaine as charged in Count One based on all the evidence presented at trial. What specific evidence the government will present with respect to the conspiracy charge is unknown at this point. The discovery materials provide the defendant with an indication of the evidence that will be used against her at trial, but such discovery is not all encompassing. The defendant wants this court to invade the province of the jury and make a factual determination based solely on the discovery materials provided. It is not the function of the court to do so.

Moreover, a review of the indictment reveals that it meets sufficiency requirements. Here, the government must prove the defendant was part of the conspiracy. To do so, the government must establish that a conspiracy existed and that the defendant knowingly agreed to join it. United States v. Albarran, 233 F.3d 972, 976 (7th Cir. 2000). The government must also show that there is substantial evidence that the defendant "knew of the illegal objective of the conspiracy and agreed to participate in its achievement." Id. (quoting United States v. Burrell, 963 F.2d 976, 987 [7th Cir. 1992]). The government may construct a conspiracy case using direct or circumstantial evidence. Albarran, 233 F.3d at 976.

In this case, a review of the conspiracy count reveals that it sets forth the essential elements of a conspiracy and provides adequate notice to the defendant of the charges so that she can prepare a defense. On a motion to dismiss, the court does not test the strength of the government's case, but must instead determine if the allegations are sufficient to charge an offense. United States v. Sampson, 371 U.S. 75, 78-79 (1962). The defendant's

- 19 -

arguments regarding the merits of her case and the government's evidence are more appropriately addressed at trial.

Accordingly, the defendant has failed to establish a basis to dismiss Count I of the indictment. Therefore, this court will recommend that defendant Hurtado's motion to dismiss Count I be denied.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** defendant Ana Hurtado's motion to suppress evidence. (Docket #77).

**IT IS FURTHER RECOMMENDED** that the United States district judge enter an order **denying** defendant Ana Hurtado's motion to suppress Title III intercepted statements of Ana Hurtado. (Docket #78).

**IT IS ALSO RECOMMENDED** that the United States district judge enter an order **denying** defendant Ana Hurtado's motion to dismiss Count One of the indictment (Docket #79).

**IT IS ORDERED** that defendant Ana Hurtado's motion to disclose Rule 404(b) evidence be and hereby is **granted**. (Docket #72).

**IT IS ALSO ORDERED** that defendant Ana Hurtado's motion to compel discovery be and hereby is **denied**. (Docket #76).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order or recommendation herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with

Case 2:06-cr-00335-LA   Filed 08/03/07   Page 20 of 21   Document 114

the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 3rd day of August, 2007.

BY THE COURT:

_____s/ Patricia J. Gorence_____
PATRICIA J. GORENCE
United States Magistrate Judge